## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 28 2020, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John L. Tompkins
Tompkins Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carlton Hillman<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana<br>*Appellee-Respondent.* | December 28, 2020<br><br>Court of Appeals Case No.<br>20A-PC-350<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Alicia A. Gooden, Judge<br><br>The Honorable Richard E. Hagenmaier, Magistrate<br><br>Trial Court Cause No.<br>49G21-1804-PC-13016 |

**Bradford, Chief Judge.**

# Case Summary

On June 4, 2012, while executing an arrest warrant for Carlton Hillman, Detective Richard Wilkerson and other Indianapolis Metropolitan Police Department ("IMPD") officers searched the area of 38th Street and Boulevard Place. During this search, Detective Wilkerson observed Hillman lying on his back on the front porch of a residence on Rookwood Avenue ("the Rookwood property"). Hillman was arrested, and IMPD officers recovered cocaine and heroin under a nearby chair cushion. Hillman was convicted of various drug-related offenses. He subsequently petitioned for post-conviction relief ("PCR") arguing ineffective assistance of counsel. Specifically, Hillman claimed that his trial counsel should have moved to suppress evidence recovered subsequent to his arrest. Hillman appeals from the denial of his request for relief. We affirm.

# Facts and Procedural History

On June 4, 2012, pursuant to an arrest warrant, Detective Wilkerson and other IMPD officers searched the area of 38th Street and Boulevard Place for Hillman. While Detective Wilkerson was briefing one of the other officers about their search, another detective directed Detective Wilkerson's attention toward the Rookwood property. Detective Wilkerson approached the Rookwood property and observed Hillman lying on the floor of the enclosed porch. Hillman did not comply with Detective Wilkerson's requests to show his hands. Instead, Hillman put his hands into his pockets and then under a nearby chair cushion before showing his hands to Detective Wilkerson. Hillman was arrested, and

IMPD officers recovered cocaine and heroin from under the chair cushion and items consistent with drug dealing from Hillman's person.

[3] On June 13, 2012, the State charged Hillman with Class A felony dealing in cocaine, Class C felony possession of cocaine, Class B felony dealing in narcotic drug, and Class D felony possession of a narcotic drug. Unbeknownst to trial counsel, Hillman had been an overnight guest at the Rookwood property several times. Trial counsel did not move to suppress evidence prior to trial on the basis that police lacked the authority to enter the Rookwood property, though counsel later claimed that she would have had she known that Hillman was an overnight guest. Hillman was found guilty and the trial court imposed an aggregate sentence of twenty years of incarceration. His convictions were affirmed on direct appeal. *See Hillman v. State*, 49A05-1305-CR-241 (Ind. Ct. App. Jan. 24, 2014).

[4] On April 30, 2018, Hillman filed a PCR petition, alleging that trial counsel was ineffective for not filing a motion to suppress evidence recovered following his arrest. At the evidentiary hearing on June 21, 2019, the post-conviction court reviewed the evidence, including Detective Wilkerson's trial testimony; new testimony from Wallace, the owner of the Rookwood property; testimony from trial counsel; and a photograph of the Rookwood property. Wallace testified that she did not believe that someone could have seen into the porch from anywhere outside the property and Hillman argued that the photograph of the Rookwood property showed that officers could not have seen him before

entering the property. The post-conviction court denied Hillman's request for relief.

# Discussion and Decision

Hillman contends that the post-conviction court abused its discretion in denying his PCR petition. "The petitioner bears the burden of establishing his grounds for post-conviction relief by a preponderance of the evidence." *See* Ind. Post-Conviction Rule 1(5). "A petitioner who has been denied post-conviction relief faces a rigorous standard of review on appeal." *Dewitt v. State*, 755 N.E.2d 167, 170 (Ind. 2001). "Because the [petitioner] is now appealing from a negative judgment, to the extent his appeal turns on factual issues, he must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). "In other words, the [petitioner] must convince this Court that there is no way within the law that the court below could have reached the decision it did." *Id.*

The right to effective counsel is rooted in the Sixth Amendment to the United States Constitution. *Taylor v. State*, 840 N.E.2d 324, 331 (Ind. 2006). "'The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 685 (1984)). "'The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result.'" *Id.* (quoting *Strickland*, 466 U.S. at 686). When reviewing claims of ineffective assistance of counsel, we start with the strong presumption that counsel rendered adequate legal assistance. *Stevens*, 770 N.E.2d at 746. To rebut this strong presumption, petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness based on the prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001) (citing Strickland, 466 U.S. at, 687–88, 694). "A reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Id.* Further, if we are to judge whether a lower court abused its discretion, we must evaluate the factual context surrounding the issue, and will only "second guess" a fact-finding court when it responds to that factual context in an unreasonable manner. *Tapia v. State*, 753 N.E.2d 581, 585 (Ind. 2001).

[7] Hillman claims that the post-conviction court erred by finding that he did not suffer ineffective assistance of trial counsel. We disagree. Detective Wilkerson's testimony established that he and other officers were summoned to the Rookwood property during their attempt to execute an arrest warrant for Hillman by another officer's flashlight gesturing. Because Wilkerson and other officers were in the area to find Hillman, it was reasonable for Detective

Wilkerson to assume that the other officer was indicating that Hillman was on the property. Hillman does not contest the validity of the search warrant. The United States Supreme Court has held that for "Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 574 (1980). Officers reasonably inferred, after observing Hillman on the front porch, that he was staying at the Rookwood property at the time. Thus, the post-conviction court was within its discretion to conclude that officers were justified in entering the property regardless of whether Hillman should have been afforded an extra level of constitutional protection by virtue of his status as an overnight guest at the dwelling. The post-conviction court, therefore, properly determined that Hillman was not prejudiced by his trial counsel's failure to move to suppress the evidence recovered following his arrest.

[8] We are likewise unconvinced by Hillman's allegation that the post-conviction court improperly disregarded evidence which he claims proves that police could not have seen Hillman on the porch before entering the property. The post-conviction court was under no obligation to credit this evidence and apparently did not. So long as there is a reasonable evidentiary justification for the post-conviction court's decision to deny Hillman's claim of ineffective assistance of counsel, we will affirm. *See McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002) (stating that a petitioner who has been denied post-conviction relief appeals from a negative judgment must convince the appellate court that the evidence

as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court). In this case, contrary to evidence cited by Hillman, the officers approached Hillman after an officer personally observed his presence on the porch. Hillman's claims that the officer could not have done so without entering the porch amounts to nothing more than an invitation to reweigh the evidence, which we will not do. *See Cheney v. State*, 488 N.E.2d 739, 741 (Ind. Ct. App. 1986).

[9] The judgment of the post-conviction court is affirmed.

Kirsch, J., and May, J., concur.